UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Severstal Dearborn, LLC,

       Plaintiff,

v.

Praxair, Inc.,

       Defendant.

_____ /

Case No. 11-12211

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT PRAXAIR'S MOTION FOR
RECONSIDERATION [53]**

Before the Court is Defendant Praxair, Inc's motion for reconsideration of this Court's order denying Defendant's motion for partial summary judgment. (Dkt. 53.)   Plaintiff Severstal Dearborn, LLC, has filed a response to the motion for reconsideration.  (Dkt. 55.)  Because the Court finds that there is no palpable defect in the order and that Defendant has not persuaded the Court that it should rule differently, the Court DENIES Defendant Praxair's motion for reconsideration.

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  To persuade a court to grant a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."  E.D.Mich. LR 7.1(h)(3).

Defendant first argues that the Court committed a palpable procedural defect when it issued its order before Defendant filed a reply brief. (Mot. for Recons. at 2.) Defendant suggests the Court's ruling before the reply brief amounted to a denial of basic fairness, a denial of due process, and that the Court would not have ruled the way it did, had the Court considered the reply brief. (*Id.* at 3.)

Defendant then expands on the argument it made in its motion for partial summary judgment.

The Court does not find that ruling before Defendant filed a reply to be a palpable defect. Defendant presented a pure legal question of contract interpretation to the Court-- once the response was filed, the Court found that it could appropriately rule. The Court has thoroughly reviewed Defendant's motion for reconsideration and its arguments. The Court finds that Defendant has presented no new arguments. The Court therefore finds that it did not commit a palpable defect when it ruled without a reply and the Court finds that Defendant has not persuaded the Court that it should rule differently.

Defendant alternatively asks for clarification of the Court's order. (Mot. for Recons. at 9.) Defendant argues that the following statements that the Court made "[were] neither supported by the record nor required by either party."

> [L]ooking at the consequential damages provision in connection with its surrounding sentences and the contract as a whole, the provision is unambiguous and does not stand for the interpretation that Defendant Praxair suggests.
>
> The sole reasonable reading of the liability provision is that the parties agreed to absolve each other from liability for damages relating to hazards and hazardous effects.

(*Id.*)

Defendant argues that "[n]either party asked the Court for the above statements concerning Article 21.1; [c]ertainly the Court did not intend to make conclusive rulings on the parties' rights under the Agreement, especially on an incomplete record without the benefits of [Defendant's] Reply . . . and when such rulings were not sought by motion of either party[.]" (Mot. for Recons. at 9.)  Defendant suggests that the Court clarify its order by holding that (1) the Court intended only to deny Defendant's partial motion and has left the issue of entitlement to consequential damages and the amount of such damages to further proceedings and trial, if the evidence justifies it, and (2) "the Court did not intend to make rulings on contract interpretation and the parties' rights based on an incomplete record[,]" and "the Court's ruling does not preclude discovery on any element of [Plaintiff's] alleged damages." (*Id.* at 9-10.)

The Court finds that its order is clear.  The Court denied Defendant's motion, finding that the contract as a whole did not support Defendant's interpretation of Article 21.1's liability provision.  Because the Court was tasked with the interpretation of Article 21.1, it then stated what the Court found Article 21.1 to mean: "The sole reasonable reading of the liability provision is that the parties agreed to absolve each other from liability for damages relating to hazards and hazardous effects."  The Court made no representation as to what type of damages Plaintiff was alleging and in no way limited discovery on any matter.  But the Court has ruled what Article 21.1 means and the parties are bound by that interpretation.

Plaintiff, in its response, argues that "[the Court] ruled that consequential damages are not precluded under the parties' agreement." (Pl.'s Resp. at 8.)  Plaintiff affirms, "[a]gain, the Court merely ruled that consequential, incidental and special damages are recoverable

in this action." (*Id.*)  The Court's order does not go so far.  As stated above,  the Court

limited it's ruling to Article 21.1 and what it means.  Whether the damages allegedly fall into

any other category is still left unsettled.

The Court therefore DENIES Defendant's motion for reconsideration.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  October 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record
on October 30, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

4